UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | No.  2:25-cv-2465 JAM AC PS<br><br><br>ORDER and FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, who was initially represented by counsel, filed a complaint against the United States of America and paid the filing fee on August 26, 2025.  ECF No. 1.  On August 28, 2025, a summons and scheduling order was issued, ordering the plaintiff to serve a copy of the scheduling order and complete service of process within 90 days of filing the complaint.  ECF Nos. 2, 3.  Plaintiff was cautioned that failure to complete service within 90 days may result in dismissal pursuant to Fed. R. Civ. P. 40(m).  ECF No. 3 at 2.  There is no sign on the docket that defendant was served.  Plaintiff's counsel withdrew on February 25, 2026.  ECF No. 12. This case was temporarily stayed between February 25, 2026, and March 31, 2026, to permit plaintiff to retain new counsel.  Plaintiff has not retained counsel and now appears as a pro se litigant.  This case is accordingly before the undersigned for pre-trial purposes pursuant to Local Rule 302(c)(21).

Following withdrawal of her counsel, plaintiff filed a "Request for Federal Court to pay doctor bill and maximum payment of tort claim" and noticed the filing as a motion.  ECF No. 13.

1

Although the stay of this case is lifted, the case cannot move forward because defendant has not been served.  On April 6, 2026, the undersigned issued an Order to Show Cause instructing plaintiff on the requirements of service and ordering her to file proof of service by April 30, 2026.  ECF No. 15.  The court informed plaintiff that if she failed to comply with the order and did not complete service, the case would be subject to dismissal for failure to prosecute. Id. at 3.  Plaintiff did not respond, and it appears from the docket that defendant still has not been served.

In recommending this action be dismissed for failure to prosecute, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (citation omitted).  Because this case cannot move forward without plaintiff's participation, the court finds the factors weigh in favor of dismissal.

Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed, without prejudice, for lack of prosecution and for failure to comply with the court's order.  See Fed. R. Civ. P. 41(b); Local Rule 110.  Further, it is ORDERED that plaintiff's request for the court to pay her doctor's bills (ECF No. 13) is DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2